Thomas M. ELDER and Patricia K. Elder, Appellants,

v.

Tommialyne Josephine CAPPS, a/k/a Tommialyne Pickerell Capps, Appellee.

Court of Appeals of Kentucky.

July 10, 1981.

Rehearing Denied Oct. 9, 1981.

Edwin I. Baer, Louisville, for appellants.

Roy K. Turner, Louisville, for appellee.

Before COOPER, McDONALD, and WHITE, JJ.

COOPER, Judge.

This is an appeal from a summary judgment for the appellee, defendant below. At issue is whether the trial court erred in determining that there existed no genuine issue as to any material fact, and the appellee was entitled to judgment as a matter of law. On review, we affirm.

In October of 1978, the appellants, Thomas M. Elder and Patricia K. Elder, entered into a contract with the appellee, Tommialyne Josephine Capps, a/k/a Tommialyne Pickerell Capps, to purchase the latter's residence. Under the terms of the contract, all but $800 of the asking price of $26,000 was to be financed by F.H.A. for a thirty-year term at an interest rate of 8% per annum. Additionally, the contract stated that the buyer was to pay basic closing costs not to exceed $550. The appellants subsequently obtained qualified commitment for an F.H.A. loan, with a qualification that certain repairs be completed on the property. These repairs were estimated to be from $585 to $2,100. Given this additional condition in the contract, the appellee refused to convey the property, notwithstanding the fact that the appellants offered to assume this additional obligation. Thereafter, the appellants initiated this action for breach of contract. The trial court entered summary judgment for the appellee from which the appellants now appeal.

■ Essentially, the appellants argue that the appellee breached the terms and conditions of the contract. They argue that a party cannot be relieved of an underlying contractual obligation merely because supervening events have rendered the contract less profitable than contemplated, *Frazier v. Collins*, 300 Ky. 18, 187 S.W.2d 816 (1945). Conversely, the appellee argues that the qualified loan commitment by the F.H.A. was conditioned upon completion of the necessary repairs. Such repairs were not contemplated by the parties at the time the contract was entered into, and was not specifically agreed to by the appellee. As such, she argues that she had a right to refuse to convey the property. With this we agree.

Although both parties attempt to characterize the repair costs as part of the designated closing costs, we would not characterize them as such. The contract itself is silent as to any necessary repairs stemming from a conditional loan agreement. In effect, the loan agreement, a condition of the contract, was conditioned upon the completion of the specified repairs.

■ As a supervening condition, added to the existing terms of the contract, the demand for repairs altered the terms of the contract and therefore excused the appellee from performing it. Although difficulty, hardship, and financial loss will not release a party from the terms of a contract, a supervening and additional condition which alters the terms will so excuse a party. *See* 17 Am.Jur.2d *Contract*, §§ 401–402. Simply stated, the appellee, as an unmarried woman, was unwilling to have her residence extensively repaired merely to enable the appellants to have a binding loan commitment. In that the contract was silent as to the repairs, the trial court acted correctly in determining that she was no longer bound by its terms.

The judgment of the trial court is affirmed.

All concur.